UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOVEPREET SINGH SANDHU,<br><br>               Petitioner,<br>    v.<br><br>KRISTI NOEM, et al.,<br><br>               Respondents. | Case No. 2:26-cv-00465-TLF<br><br>ORDER DENYING PETITIONER'S EMERGENCY MOTION FOR A TEMPRORARY RESTRAINING ORDER (DKT. 9) |

Petitioner is a citizen and national of India who was arrested by the Department of Homeland Security on January 12, 2026, and detained at the Northwest ICE Processing Center in Tacoma, Washington. Dkt. 1 at 2-3, 5.

Petitioner previously moved for a temporary restraining order ("TRO") "preventing his transfer to another detention facility . . ." Dkt. 2 at 1. The Court denied this motion without prejudice as petitioner failed to show he was likely to suffer irreparable harm without preliminary relief. Dkt. 8 at 3. Further, the Court explained petitioner's concerns were addressed by General Order 10-25 and the Court's scheduling order (Dkt. 3) which require notice prior to transferring or removing petitioner from this District. Dkt. 8 at 3.

Petitioner again moves for a TRO. Dkt. 9. He argues his "removal is now imminent" as his "credible fear claim was denied by the asylum officer on January 28, 2026, and the Immigration Judge affirmed that negative credible fear determination on

February 18, 2026." Dkt. 9 at 5. As such, he claims his "matter has been returned to DHS for removal" and that "[w]ithout immediate relief, Respondents will remove Petitioner and thereby moot this Court's habeas jurisdiction . . ." Dkt. 9 at 5.

A TRO, like any preliminary injunctive relief, "is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To receive a TRO, petitioner must establish (1) he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Id.* at 20.

Under General Order 10-25, TROs "should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States." W.D. Wash. Gen. Ord. 10-25 at 3.; *see also Winter* 555 U.S. at 20.

Further, General Order 10-25 requires respondents provide petitioners and their counsel "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States." W.D. Wash. Gen. Ord. 10-25, Ex. 1. The Court expressly adopted this notice requirement in its scheduling order. Dkt. 3*.*

Here, petitioner repeatedly cites the immigration judge affirming the credible fear denial, *e.g.* Dkt. 9 at 1, 4-5, 7, 10, but otherwise fails to allege or cite facts indicating respondents are taking any direct or specific steps to imminently remove him from the District or the United States.

ORDER DENYING PETITIONER'S EMERGENCY
MOTION FOR A TEMPRORARY RESTRAINING
ORDER (DKT. 9) - 2

While petitioner argues a TRO is warranted as he is "now *subject* to immediate removal by DHS," Dkt. 9 at 4 (emphasis added), "a possibility of irreparable harm" is insufficient for preliminary injunctive relief. *Winter*, 555 U.S. at 22. Thus, similar to petitioner's last TRO motion, he has not established he is "likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 555 U.S. at 20.

The petitioner's emergency motion for a TRO, Dkt. 9, is DENIED without prejudice (again allowing for filing of a TRO motion if circumstances change and the criteria of *Winter* are satisfied).

Dated this 23rd day of February, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING PETITIONER'S EMERGENCY
MOTION FOR A TEMPRORARY RESTRAINING
ORDER (DKT. 9) - 3