UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LOVEPREET SINGH SANDHU,<br><br>            Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al,<br><br>            Respondent. | Case No. 2:26-cv-00465-TLF<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART (DKT. 1) AND DENYING THIRD MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT (DKT. 15) |

Petitioner is a citizen of India who is currently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 at 4-5; Dkt. 12 at 4-5. He petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He alleges respondents re-detained him in violation of the Due Process Clause of the Fifth Amendment. Dkt. 1 at 5, 9-10

Petitioner's habeas petition asks the Court (1) to order his immediate release; (2) to permanently enjoin his re-detention absent written notice and a hearing where respondents must prove by clear and convincing evidence he is a flight risk or danger to the community and that no alternatives to detention would mitigate those risks; (3) to enjoin respondents from placing a GPS ankle monitor on petitioner upon release; (4) to declare his re-detention without first proving an individualized determination before a neutral decisionmaker violated due process; and (5) to award attorney fees and costs. Dkt. 1 at 10-11.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART (DKT. 1) AND DENYING
THIRD MOTION FOR A TEMPORARY RESTRAINING
ORDER AS MOOT (DKT. 15) - 1

1    Petitioner filed his first emergency motion for a temporary restraining order
2 ("TRO") asking for both immediate release and to enjoin respondents from removing
3 him from this District while the Court considered his petition. Dkt. 2. The Court denied
4 both this TRO motion and his second TRO motion (Dkt. 9) without prejudice. Dkts. 8,
5 11. For both, the Court noted its scheduling order (Dkt. 3) requires respondents give
6 petitioner notice under General Order 10-25 before he is transferred or removed from
7 this District or the United States. Dkts. 8, 11.
8    The Court provisionally granted petitioner's third TRO motion to enjoin his
9 transfer or removal "pending resolution of the habeas petition." Dkt. 15 at 11; Dkt. 16.
10 Petitioner's third TRO motion asserted an email from an Assistant United States
11 Attorney stating that petitioner "will be removed on or after March 1, 2026." Dkt. 15-2.
12 Respondents now state they "anticipate[] obtaining Petitioner's travel documents prior to
13 a charter flight scheduled for March 8, 2026." Dkt. 18 at 5; Dkt. 19 at 2.
14    The parties unanimously consent to proceed before a Magistrate Judge. Dkt. 5.
15 For the reasons below, the Court GRANTS the habeas petition IN PART. The Court
16 also now DENIES petitioner's third TRO motion as MOOT. *See Louangmilith v. Noem*,
17 ___ F. Supp. 3d ___, No. 25-cv-2502-JES-MSB, 2025 WL 2881578 at *1 (S.D. Cal. Oct.
18 9, 2025).

## BACKGROUND

20    Petitioner is a citizen of India. Dkt. 1 at 5; Dkt. 12 at 4. On or about January 4,
21 2022, petitioner entered the United States. Dkt. 1 at 5; Dkt. 12 at 4. Petitioner was
22 apprehended by respondents and expressed a fear of return to India. Dkt. 1 at 2, 5; Dkt.

25 ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART (DKT. 1) AND DENYING
THIRD MOTION FOR A TEMPORARY RESTRAINING
ORDER AS MOOT (DKT. 15) - 2

12 at 4-5. On January 11, 2022, respondents released petitioner on parole.[1] Dkt. 1 at 5; Dkt. 12 at 5.

Petitioner asserts he "complied with the conditions on his order of release from detention and attended every ICE check-in." Dkt. 1 at 5. Petitioner also acknowledges he was arrested and charged with reckless driving in July 2025 and that these proceedings are ongoing. Dkt. 1 at 5.

On January 12, 2026, respondents re-detained petitioner at a scheduled ICE check-in. Dkt. 1 at 5; Dkt. 12 at 5. Respondents state that "[d]uring routine system queries, [the Office of Enforcement and Removal Operations ('ERO')] discovered the Petitioners arrest" and "[b]ased on this arrest, ERO issued a warrant of arrest and made a custody redetermination." Dkt. 13 at 3; Dkt. 14-3 (I-213 form); Dkt. 14-4 (warrant). Petitioner was then transferred to NWIPC where he remains detained. Dkt. 1 at 4; Dkt. 13 at 3.

On February 18, 2026, an immigration judge affirmed the denial of petitioner's credible fear claim and ordered petitioner be removed. Dkt. 19 at 2; Dkt. 20 at 3.

## DISSCUSSION

A. Petitioner's Due Process Claim

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " This right extends to "all 'persons' within the United States, including [non-citizens], whether their presence

---

[1] Respondents state the "record does not contain paperwork documenting the terms of Petitioner's release." Dkt. 12 at 5 n.2. Instead, they point to a I-213 form which states petitioner "was released on Interim Parol/ FRAIHAT." Dkt. 14-3 at 4. Respondents claim this refers to *Fraihat v. U.S. Immig. & Cust. Enf.*, 445 Supp. 3d 709 (C.D. Cal. 2020), *rev'd, and vac'd in part*, 16 F.4th 613 (9th Cir. 2021), which they summarize as "involv[ing] ICE policies, including consideration of release of detainees, during the COVID-19 pandemic." Dkt. 12 at 5 n.2.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART (DKT. 1) AND DENYING
THIRD MOTION FOR A TEMPORARY RESTRAINING
ORDER AS MOOT (DKT. 15) - 3

here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Here, petitioner frames his due process claim through the factors of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See generally* Dkt. 1. The Court adopts the reasoning from *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025), to assess petitioner's claim under the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) respondents' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

**1) Private Interest**

The first *Mathews* factor weighs in petitioners' favor. As the Court previously held: Individuals on release, even when such release is conditional, have a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025).

Here, it is undisputed respondents released petitioner on parole in January 2022. Dkt. 1 at 5; Dkt. 12 at 5. It is also undisputed that petitioner remained in the community for years until he was re-detained in January 2026. Dkt. 1 at 5; Dkt. 12 at 5. Given the petitioner's prior release, the Court finds petitioner has been deprived of an established liberty interest. *See E.A. T.-B.*, 795 F. Supp. 3d at 1321-22.

However, it is also undisputed petitioner was arrested and charged with reckless driving after his initial release. Dkt. 1 at 5; Dkt. 13 at 3. Therefore, while this factor weighs in petitioner's favor, the individual interest is not as strong as it would be for an individual without any showing of material change in circumstance, especially as may be relevant to the assessment of dangerous or flight risk. *See Quinonez Torres v. Hermosillo*, No. 2:26-cv-00076-TLF, 2026 WL 547591 at *8-*9 (W.D. Wash. Feb. 23, 2026) (addressing a petitioner with a pending assault charge); *see also Bealter Reyes v. Hermosillo*, No. 2:26-cv-00270-TLF at 2, 8-9 (W.D. Wash. Feb. 24, 2026) (addressing a petitioner with a pending theft charge); *but see Lucena-Ojeda v. Noem,* No. 2:26-cv-00085-BAT, 2026 WL 279353 at *2 (W.D. Wash. Feb. 3, 2026) (holding a petitioner's trespass charge did not count as a material change as the government was aware of the violation when it initially released the petitioner).

Respondents nonetheless argue the petition should be denied by asserting petitioner's detention is mandatory under 8 U.S.C. § 1225. *E.g.* Dkt. 12 at 3-4, 6, 9. This argument disregards that the government released petitioner on parole prior to his re-detention. Dkt. 1 at 5; Dkt. 12 at 5. In similar contexts, this Court held the "Government exercis[ing] discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest." *E.A. T.-B.*, 795 F. Supp. 3d at, 1321-22; *see also Becerra*, 787 F. Supp. 3d at 1093 ("individuals who have been released from custody, even where such release is conditional, have a liberty interest in their continued liberty."). In other words, regardless of the applicability of § 1225, respondents fail to recognize the due process liberty interest created by the

fact that the petitioner in this matter was released on parole. *See Karaev v. Noem*, 1:26-cv-00303-JLT-SAB-HC, 2026 WL 320409 at *3-*4 (E.D. Cal. Feb. 6, 2026).

Respondents also appear to assert that this Court's review of petitioner's habeas petition is foreclosed by petitioner receiving a final order of removal after the denial of his credible fear claim. *E.g.* Dkt. 18 at 6-10. While this Court has held it "lacks jurisdiction to grant a habeas petition challenging final orders of removal," the Court also clarified it "retains jurisdiction over Petitioner's habeas petition as it does not challenge an order of removal but his detention, and the process used to detain him." *Osuna Benitez v. Hermosillo*, No. 2:25-cv-02535-BAT, 2025 WL 3763932 at *2 (W.D. Wash. Dec. 30, 2025) (citing *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1005-06 (W.D. Wash. 2019)); *see also Ramirez v. Noem*, No. 2:25-cv-02110-RFB-DJA, 2025 WL 3563294 at *6 (D. Nev. Dec. 12, 2025) (noting a "Petitioner's liberty interest is not diminished by any final order of removal" when applying *Mathews*).

**2) Risk of Erroneous Deprivation**

The second *Mathews* factor weighs in petitioner's favor even if, as discussed above, petitioner's arrest and pending criminal charge may constitute a change in material circumstances following his initial release. This is so because respondents have not refuted petitioner's assertion that he has not been provided with any opportunity to address the bases asserted for his re-detention. *See generally* Dkts. 12, 13, 14-3; *see also E.A. T.-B.*, 795 F. Supp at 1322 ("even if Petitioner's arrest was not pretextual and was solely motivated by ICE's realization of his ATD violations, it would not necessarily follow that Petitioner can be detained for those violations without a hearing.").

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART (DKT. 1) AND DENYING
THIRD MOTION FOR A TEMPORARY RESTRAINING
ORDER AS MOOT (DKT. 15) - 6

### 3) Government Interest

The third and final *Mathews* factor also weighs in petitioner's favor. "[T]he government clearly has a strong interest in preventing [noncitizens] from 'remain[ing] in the United States in violation of our law.'" *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (2022) (quoting *Denmore v. Kim*, 538 U.S. 510, 518 (2003)). While "we 'must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative'" of the executive and legislature, *id*. (quoting *Landon v. Plasencia*, 459 U.S. 21, 34 (1982)), respondents here have not articulated a compelling interest in re-detaining an individual who was on parole without any hearing whatsoever. *Orozco Valle v. Scott*, No. 2:25-cv-02429-TLF at 15 (W.D. Wash. Jan. 5, 2026); see also *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019).

### 4) Remedy

As the above factors weigh in petitioner's favor, the Court holds that, under these circumstances, a prompt post-deprivation hearing is consistent with due process. *Quinonez Torres*, 2026 WL 547591 at *6-*10; *Bealter Reyes v. Hermosillo*, No. 2:26-cv-00270-TLF at 2, 8-11 (W.D. Wash. Feb. 24, 2026). This hearing must be held within 10 calendar days of this order's filing date. *See, Orozco Valle v. Scott,* No. 2:25-cv-02429-TLF (W.D. Wash. Jan. 5, 2026) at 9-11.

## CONCLUSION

Accordingly, the Court **ORDERS**:

**1.** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is **GRANTED IN PART:**

- Respondents shall provide adequate due process to petitioner and hold a post-deprivation hearing within **10 calendar days** of the date this order is

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART (DKT. 1) AND DENYING
THIRD MOTION FOR A TEMPORARY RESTRAINING
ORDER AS MOOT (DKT. 15) - 7

filed. This hearing shall be conducted by an immigration judge where respondents will bear the burden of proving by clear and convincing evidence that petitioner is a flight risk or a danger to the community, and that no alternatives to detention would mitigate those risks.

- The parties shall file a joint status report on or before **March 17, 2026**, confirming whether petitioner received a hearing held before an immigration judge as ordered above, and report whether he has been released.
- In the event petitioner is released following his post-deprivation hearing: Respondents must prove by clear and convincing evidence that petitioner is a flight risk or danger to the community prior to either imposing GPS monitoring or re-detaining the petitioner.
- The Court will consider a future motion for attorney fees and costs if said motion is filed by **April 4, 2026**, and properly noted under Local Rule 7(d)(3).

2. Petitioner's third TRO motion, which sought to block petitioner's removal from this District or the United States "pending resolution of the habeas petition" (Dkt. 15 at 11-12) is now **DENIED** as **MOOT**.

Dated this 4th day of March, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS IN PART (DKT. 1) AND DENYING
THIRD MOTION FOR A TEMPORARY RESTRAINING
ORDER AS MOOT (DKT. 15) - 8